# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GRANBY'S GREENHOUSE
CORPORATION,

        Plaintiff,

v.                                                    Case No:   6:22-cv-2004-RBD-LHP

CONTAINER CENTRALEN, INC.,

        Defendant

_____

## ORDER

    This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:** **DEFENDANT, CONTAINER CENTRALEN, INC.'S,**
> **SHORT FORM MOTION TO COMPEL DISCOVERY**
> **FROM PLAINTIFF (Doc. No. 38)**
>
> **FILED:** **November 14, 2023**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

    Defendant Container Centralen, Inc. seeks to compel Plaintiff Granby's

Greenhouse Corporation to respond in full to Requests for Production 10, 18, 19, 20,

21, 23, 24, 25, 26, and 27 from Defendant's First Requests for Production (Doc. No.

38, at 20–35), in particular to produce all of Plaintiff's financial documents, including bank statements, "paper balance sheets," and excel sheets since January 2018. Doc. No. 38. Defendant further requests that Plaintiff be compelled to provide its consent/cooperation to Plaintiff's bank/lender to respond in full to a third-party subpoena. *Id.* Last, Defendant requests an award of fees and costs. *Id.*

Plaintiff, who at all times has been represented by counsel, has not responded to the motion, and its time for doing so has expired. *See* Doc. No. 29 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion). *See also* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the Court deems the motion to be unopposed in all respects. *See* Doc. No. 29 ¶ 5 (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed). *See also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, Case No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, Case No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, Case No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla.

May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related discovery attached, the Court finds Defendant's motion well taken.   The Court further finds sanctions under Federal Rule of Civil Procedure 37 warranted.   Rule 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."   Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).   While the rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Plaintiff has been provided an opportunity to be heard, and has not presented any information or argument suggesting that those circumstances apply here.

Accordingly, it is **ORDERED** as follows:

1.     Defendant Container Centralen, Inc.'s Short-Form Motion to Compel Discovery from Plaintiff (Doc. No. 38) is **GRANTED**.

2.     On or before **December 8, 2023**, Plaintiff shall produce all documents in its current possession, custody, or control responsive to Requests 10, 18, 19, 20, 21, 23, 24, 25, 26, and 27 from Defendant's First Request for Production.   *See* Doc. No. 38, at 20–35.

3.      All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel.   *See, e.g., Jackson v. Geometrica, Inc.*, Case No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same); *LIMU Co., LLC v. Burling*, Case No. 6:12-cv-347-Orl-TBS, 2013 WL 1482760, at *1 (M.D. Fla. April 11, 2013) (same).

4.      Plaintiff is directed to immediately provide its cooperation/consent to its bank/lender Compeer Financial such that Compeer Financial can comply in full with the third-party subpoena served by Defendant.   *See* Doc. No. 38, at 36–45. However, the Court notes that Defendant has not filed a motion to compel against Compeer Financial, thus any objections raised by Compeer Financial itself to the subpoena are not addressed in this Order, and this Order is limited solely to compelling Plaintiff to consent/cooperate.

5.      On or before **December 8, 2023**, Plaintiff and Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Defendant for the filing of the present motion.   The parties shall file a joint notice of the agreed upon amount by **December 15, 2023**.   If the parties are unable to reach an agreement by that time, Defendant shall file a motion, supported by appropriate documentation and citation to legal authority, for

reasonable fees and expenses incurred in filing the present motion.   That motion shall be filed by **December 15, 2023**.

6. **Plaintiff and Plaintiff's counsel are advised that failure to comply with this Order may result in the imposition of sanctions.** *See* **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties